# 𝔑𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## ROADCAP v. COMMONWEALTH.

### March 10th, 1892.

CRIMINAL PROCEDINGS—*New trial.*—In case here, discarding evidence of exceptor, the commonwealth's evidence being plainly insufficient to warrant the verdict of guilty;

HELD:

     Error to refuse a new trial.

Error to judgment of circuit court of Rockingham county, rendered November 2nd, 1891, affirming judgment of county court of said county, entered September 1st, 1891, sentencing the plaintiff in error to imprisonment in the penitentiary for the term of three years, in accordance with the verdict of the jury, upon the trial of an indictment against him for the felonious shooting of Littleton McDorman. Opinion states the case.

*W. L. Yancey* and *J. B. Stephenson,* for plaintiff in error.

*Attorney-General R. Taylor Scott,* for commonwealth.

FAUNTLEROY, J., delivered the opinion of the court.

The plaintiff in error, Charles Roadcap, at the August term, 1891, of the county court of Rockingham county, was tried and convicted of unlawfully shooting and wounding Littleton McDorman; in attempting, unlawfully, maliciously, and felo-

niously, to shoot one Joseph Reedy, with intent, him, the said Joseph Reedy, to maim, disfigure, disable, and kill, under an indictment under section 3672, Code of 1887, which enacts as follows: "If any person, in the commission of, or attempt to commit, a felony, unlawfully shoot, stab, cut, or wound another person, he shall, in the discretion of the jury, be," &c.; and the verdict of the jury fixed his punishment therefor at three years in the penitentiary; and he was sentenced by the court accordingly. Before the said sentence was pronounced, the prisoner moved the court to arrest the judgment, for errors apparent on the record, and to set aside the verdict, as being contrary to the law and the evidence, and to grant him a new trial, which said motion the court overruled; and thereupon the prisoner excepted.

The case was taken to the circuit court of Rockingham county by writ of error to the aforesaid judgment of the county court; and the action of the trial court was affirmed by the judgment of the said circuit court, rendered November 2nd, 1891; and the case is here by writ of error to the judgment of the said circuit court.

The evidence is certified; and the only question presented by the record for the decision of this court, is as to the *sufficiency* of the evidence, embodied in the bill of exceptions, to support and warrant the verdict.

Under the indictment it was necessary for the commonwealth to prove that the prisoner, Roadcap, fired the pistol which shot Littleton McDorman; and that he did shoot Littleton McDorman in attempting, unlawfully and feloniously, to shoot one Joseph Reedy.

Discarding from consideration the evidence for the exceptor, the evidence introduced by the commonwealth is not only plainly insufficient to warrant the verdict of the jury, but it does, of itself, affirmatively and distinctly prove that the prisoner, Roadcap, did not fire the pistol; but that it was

fired, *accidentally*, by McDorman, in his grasp, and while struggling with the prisoner to prevent him from shooting Reedy. And that when the pistol did go off, under the pressure of McDorman's hand, the ball struck him, McDorman, just above his knee, and passed downwards.

Littleton McDorman, who was introduced by the commonwealth, says: " I grabbed at the pistol, and missed it, and then I grabbed at it again, caught it, and the pistol went off. The ball struck me in the left leg, just above the knee, and ranging downwards. I thought I caused it to go off. The pistol was a self-cocker, and made no noise until fired."

Joseph Reedy, whom the prisoner was attempting, with drunken, brutal, wanton, and unprovoked violence, to shoot, but who had been pushed into an adjoining room by D. E. Hoover, while McDorman was struggling with the prisoner to get the pistol from him, was introduced by the commonwealth, and he says: " D. E. Hoover pushed me back into the dairy. The pistol went off after I was inside the dairy-door. I saw McDorman grab at the pistol once, but missed it; then, as Roadcap brought it around, he caught it, and, *as he pulled it down, it went off.* Mr. Hoover was next to me, and then McDorman was between Roadcap and Hoover."

D. E. Hoover, the store-keeper, testified for the prosecution, and he says: " When he, Roadcap, approached Reedy, Littleton McDorman got between them, and I came out and pushed Reedy back into the dairy; and when he got into the dairy, the pistol went off, and shot McDorman in the leg above the knee. I saw McDorman grab at the pistol, and missed it; and, as Roadcap brought it around, he caught it, and it went off. It was a self-cocking pistol."

There is very much other testimony for the commonwealth in the record, which only corroborates and cumulates the statements of the witnesses Reedy, McDorman, and Hoover, above detailed.

Opinion.

The county court of Rockingham county erred in over-ruling the motion to set the verdict of jury aside and grant to the prisoner a new trial; and the circuit court of Rocking-ham county erred in affirming the judgment of the said trial court; and our judgment is to reverse and annul the said judgments of the said courts, to set the verdict aside, and to remand the case, with directions to grant the prisoner a new trial.

JUDGMENT REVERSED.